NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 11-406


PHILLIP J. MCGEE, ET AL.

VERSUS

KIMBERLY GUIDRY, ET AL.


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2010-4923
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

SHANNON J. GREMILLION

JUDGE

**********

Court composed of, Jimmie C. Peters, James T. Genovese, and Shannon J. Gremillion, Judges.


APPEAL DISMISSED.
APPELLANT PERMITTED TO FILE WRIT APPLICATION.


Earl B. Taylor
27th JDC District Attorney
Post Office Drawer 1968
Opelousas, LA 70571
(337) 948-0551
COUNSEL FOR DEFENDANTS/APPELLEE:
    Kimberly Guidry, et al.

**Christopher E. John**
**City of Lake Charles Legal Dept.**
**Post Office Box 900**
**Lake Charles, LA 70602-0900**
**(337) 491-1547**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**John Doe #2**
**John Doe #1**
**City of Lake Charles**
**Wilber Ponthieux**
**Shad Brister**

**Robert C. McCorquodale**
**In House Counsel**
**Post Office Box 2185**
**Lake Charles, LA 70602**
**(337) 491-3622**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Calcasieu Parish Sheriff's Dept.**

**Robert Sere' Kleinschmidt, Jr.**
**Assistant District Attorney**
**Post Office Box 3206**
**Lake Charles, LA 70602**
**(337) 437-3400**
**Counsel for Defendants/Appellees:**
**Alberto Dupuy**
**Cynthia Lands**

**Stacey C. Naquin**
**31st JDC - ADA**
**Post Office Box 1388**
**Jennings, LA 70546**
**(337) 824-1893**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Stacey C. Naquin**

**Brad Guillory**
**Loftin, Cain & LeBlanc**
**113 Dr. Michael Debakey Drive**
**Lake Charles, LA 70601**
**(337) 310-4300**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**David Leroy McGee**

**Bridget B. Denicola**
**Asst. Attorney General**
**Post Office Box 94005**
**Baton Rouge, LA 70804-9005**
**(225) 326-6300**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Honorable Guy Ernest Bradberry**

**Phillip J. McGee**
**Sailboat TX8616-JZ Olmsted Shipyard**
**904 W. Prien Lake Road**
**Lake Charles, LA 70601**
**(337) 274-6638**
**IN PROPER PERSON:**
**Phillip J. McGee**

**GREMILLION, Judge.**

On March 31, 2011, this court, on its own motion, issued a rule for the Plaintiff-Appellant, Phillip J. McGee, to show cause, by brief only, why his appeal should not be dismissed as having been taken from a non-appealable, interlocutory order. For the reasons which follow, we dismiss this appeal, but we permit the appellant to file a properly briefed and documented writ application challenging the subject order by no later than the date set forth in this opinion.

The appellant filed suit against a multitude of parties seeking various relief. In the course of the litigation, the appellant obtained a default judgment against one defendant, Stacey C. Naquin. Subsequently, the trial court signed a confirmation of the default judgment on January 18, 2011. However, on January 27, 2011, the trial court signed an order vacating the January 18 judgment on the court's own motion.

On February 18, 2011, the appellant filed a motion and order for appeal of the January 18 judgment. Upon the lodging of the record in this court, this court issued the instant rule for the appellant to show cause why the appeal should not be dismissed as having been taken from a non-appealable, interlocutory order.

Louisiana Code of Civil Procedure Article 2083 states, in pertinent part:

A.     A final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814.

. . . .

C.     An interlocutory judgment is appealable only when expressly provided by law.

Louisiana Code of Civil Procedure Article 1841 reads:

A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.

A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.

A judgment that determines the merits in whole or in part is a final judgment.

In the instant case, the appellant challenges the trial court's judgment vacating a prior judgment and granting a new trial. This judgment does not decide any of the merits of the case. Therefore, by definition, the trial court's appealed ruling is an interlocutory one. Since no law specifically provides for an appeal from such a judgment, this appeal must be dismissed.

However, we note that the appellant's motion for an appeal was filed within the time delays for seeking supervisory review of the ruling. In the interest of justice, we grant the appellant until November18, 2011, by which to file a properly briefed and documented application for supervisory review with this court challenging the trial court's judgment of January 27, 2011.

**APPEAL DISMISSED.**

**APPELLANT PERMITTED TO FILE WRIT APPLICATION.**


**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.**

**Rule 2-16.3 Uniform Rules, Court of Appeal.**